IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN ELLIOT FEHDERAU,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and FIRST NATIONAL OF NEBRASKA, INC.,<br><br>    Defendants. | 8:19CV13<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed his Complaint on January 11, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against the United States of America Department of Labor: Wage and Hour Division (the "Department") and First National of Nebraska, Inc. Plaintiff's Complaint sets forth only the following allegations: "Family Medical Leave Act. Termination." (Filing No. 1 at CM/ECF pp. 2–3.) As relief, Plaintiff seeks $10,000,000 in damages. (*See Id*. at CM/ECF p. 1.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, it appears Plaintiff is attempting to assert a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654. The Eighth Circuit has recognized three categories of FMLA claims arising under 29 U.S.C. § 2615(a)(1)-(2):

> (i) entitlement claims, in which an employee alleges a denial of a benefit to which he was entitled under the statute; (ii) discrimination claims, in which an employee alleges that the employer discriminated against him in the terms and conditions of employment because the employee exercised rights to which he was entitled under the FMLA; and (iii) retaliation claims, in which an employee alleges that the

employer took adverse action against him for opposing a practice made unlawful under the FMLA.

*Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517–18 (8th Cir. 2015).

Here, Plaintiff's allegations are woefully inadequate to assert a plausible claim for relief under the FMLA. He alleged only the following: "Family Medical Leave Act. Termination." (Filing No. 1 at CM/ECF p. 2.) While pro se pleadings must be construed liberally, "such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1285–86 (8th Cir. 1980); *see also* Fed. R. Civ. P. 8(a)(2), (d)(1) (every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct"). "[T]here is a difference between liberally reading a claim which 'lacks specificity' . . . and inventing, *ex nihilo*, a claim which simply was not made." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996). On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that sets forth additional facts in support of his claim, including when and how the alleged FMLA violation occurred.

While Plaintiff may amend his Complaint to assert a FMLA claim, he may not pursue such claim against the United States or the Department. This is so because the United States and federal agencies enjoy immunity from suit unless otherwise waived.[1] *See F.D.I.C v. Meyer*, 510 U.S. 471, 475 (1994).

---

[1] The court is aware from a separate case filed by Plaintiff in this court that Plaintiff was once employed with First National of Nebraska, Inc. (*See* Filing No. 1, Case No. 8:18CV588.) Thus, the court presumes that Plaintiff is not attempting to assert a FMLA claim against the Department *as his employer*. Even if Plaintiff were employed by the Department, "[t]he FMLA includes no sovereign-immunity waiver for a federal employee's statutory claims against his employer." *Mulvey v. Perez*, No. 3:14-CV-1835, 2015 WL 5697318, at *3 (M.D. Tenn. Sept. 28, 2015).

IT IS THEREFORE ORDERED that:

1. Defendant United States of America is dismissed from this action based on the doctrine of sovereign immunity. The clerk of court is directed to remove "United States of America" as a defendant in this case.

2. Plaintiff shall have until **November 4, 2019**, to filed an amended complaint that clearly states a FMLA claim upon which relief may be granted against Defendant First National of Nebraska, Inc. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. If Plaintiff chooses to file an amended complaint, he should be mindful to clearly explain what Defendant did to him, when Defendant did it, how Defendant's actions harmed him, and what specific legal rights Plaintiff believes Defendant violated. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

4. The clerk of the court is directed to set the following pro se case management deadline: **November 4, 2019**: check for amended complaint.

Dated this 3rd day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge